The judgment of the court was pronounced by
Rost, J.
This is a redhibitory action, instituted to rescind the sale of a slave sold by the defendant to the plaintiff, on the ground that before and at the time of the sale, he was an habitual runaway.
The defence is, that the plaintiff was informed by the defendant and by other persons, before and at the time of the sale, of the vice of which he complains, and that, by reason of that knowledge, he cannot maintain his action.
The district judge considered that the defendant made use of no concealment in relation to the vice complained of, and that it was perfectly understood between the parties at the time of the sale that the slave was an habitual runaway; but as, notwithstanding this mutual understanding, the usual warranty against vices and defects was inserted in the act of sale, he thought himself bound to give effect to that warranty to its full extent. He, therefore, gave judgment in favor of the plaintiff and adjudged him to pay the defendant the hire of the ■ slave during the time he had been in his actual possession. The defendant has appealed.
We are unable to concur in the opinion of our learned brother. Art. 2498 C. C. reads as follows: “Nor can the buyer institute the redhibitory action on account of the latent defects which the seller has declared to him before or at the time of the sale. Testimonial proof of this declaration may be received.”.
The only question under that express provision of law is, was the purchaser apprised of the vice before or at the time of the sale; and for the purpose of ascertaining that fact parol .evidence is admissible, notwithstanding the general warranty stipulated in the act of sale.
The district judge thought that the warranty stipulated must mean something. It would have existed by operation of law to the same extent, if no mention had been made of it; but it undoubtedly means something; it covered all the redhibitory vices and defects except those declared by the vendor.
A witness, in whose office the act of sale was written by the defendant in presence of the plaintiff, states, that the plaintiff asked the defendant to insert *107 the clause of warranty. Some discussion ensued, and the defendant told the plaintiff that he was buying the slave, knowing all his faults. There was evidently, says the witness, an understanding between the buyer and seller that Dr. Campbell knew that the negro was a runaway. But at his particular request the clause of warranty was inserted in the bill of sale. The same fact results from other evidence.
Whatever may have been the motive of the plaintiff in insisting upon the clause of warranty, it is manifest that it was not intended by the parties as a special warranty ¡¡.gainst the vice which had been declared. Under no other but a special warranty against that vice can the defendant be held liable. Pothier, Contraído Yente, No. 219.
It is therefore ordered that the judgment in this case be reversed, and that there be judgment in favor of the defendant, with costs in both courts.